[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13325

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUAN RODRIGUEZ-ACEVEDO,
a.k.a. Juan Rodriguez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cr-00066-WWB-SJH-1

_____

Before JILL PRYOR, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Juan Rodriguez-Acevedo appeals the district court's imposition of his 46-month imprisonment sentence for illegally reentering the United States after deportation. Rodriguez-Acevedo argues that his sentence was substantively unreasonable because the district court failed to weigh properly his mitigating factors under 18 U.S.C. § 3553(a) and to weigh the need to avoid unwarranted sentencing disparities. Having reviewed the record and read the parties' briefs, we affirm Rodriguez-Acevedo's sentence.

## I.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

## II.

Pursuant to 18 U.S.C. §3553(a), the sentence must be "sufficient, but not greater than necessary" to satisfy the statutory

purposes of sentence. Some of the factors a district court must consider include the applicable guideline range, the nature and circumstances of the offense, the characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need for adequate deterrence, and the need to avoid unwarranted sentencing disparities. *Id.* The decision about how much weight to afford any one sentencing factor is "a matter committed to the sound discretion of the district court." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotation marks omitted). The district court does not have to give each factor equal weight. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Although we do not presume a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be so. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quotation marks omitted). A sentence that is well below the statutory maximum penalty is an indication that the sentence is reasonable. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

## III.

Rodriguez-Acevedo specifically takes issue with the district court's alleged failure to consider mitigating factors, such as his age (57), his marriage to an American resident, nine American-born children, his history of substance abuse, and his past service in the Mexican military. He contends that his family is the primary reason for his return to the United States. Rodriguez-Acevedo also argues that the district court did not address the need to avoid unwarranted sentence disparities because it imposed a sentence longer than the normal sentence for his charge of illegal reentry.

He references Sentencing Commission data for 2023 that indicates the average sentence for offenders punished pursuant to U.S.S.G. §2L1.2 was 12 months, while the average sentence for individuals convicted of illegal reentry was 12 months nationwide and 9 months in the Middle District of Florida.

Based on the record, we conclude that the district court's sentence was not substantively unreasonable. The district court considered the 18 U.S.C. § 3553(a) factors, including protection of the public and deterrence of future criminal conduct, and did not abuse its discretion by giving more weight to these factors than to the mitigating factors that Rodriguez-Acevedo presented. The district court stated that it had considered Rodriguez-Acevedo's mitigating circumstances, such as his desire to support his family, his history of alcohol abuse, and his age. The district court stated that the sentence it imposed had to reflect the seriousness of the offense, promote respect for the law, and provide a just punishment, especially considering Rodriguez-Acevedo's prior conviction for an aggravated felony. The district court also noted the sentence was imposed for a specific deterrence because Rodriguez-Acevedo had previously reentered the United States illegally.

Further, the district court made an individual assessment of the facts of the case and determined that Rodriguez-Acevedo was not similarly situated to the average individual who is convicted of illegal reentry because of his prior conviction for an aggravated felony and his previous conviction for illegal reentry. Thus, Rodriguez-Acevedo's arguments related to the Sentencing

Commission's data fail to establish that the sentence was substantively unreasonable.  The district court must make an individualized assessment based on the particular facts of the case, and the district court did that in this case.  The district court, within its discretion, determined that these factors warranted a sentence at the upper end of the guideline range, and Rodriguez-Acevedo fails to meet his burden of establishing that the sentence is unreasonable based on the facts of the case and the §3553(a) factors.

Accordingly, based on the aforementioned reasons, we affirm Rodriguez-Acevedo's 46-month sentence.

**AFFIRMED.**